IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL BEALE, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. 4:24-cv-01670 |
| | § | |
| LOWE'S COMPANIES, INC. & LOWE'S. | § | |
| HOME CENTERS, LLC, | § | |
| Defendants. | § | |

**PLAINTIFF'S OPPOSED MOTION TO LIFT ABATEMENT AND VACATE ARBITRATION AWARD**

Plaintiff moves the Court to lift abatement and vacate the arbitrators award, as authorized by 9 U.S. Code § 10.

## A.      INTRODUCTION

1.      Plaintiff filed suit in State Court on March 25, 2024, before the statute of limitations.[1]

2.      Defendants removed the case to Federal Court on May 3, 2024, before the discovery requests could be sent.[2]

3.      Defendants produced an allegedly executed, 2-page Arbitration Agreement[3] without producing the Lowe's Occupational Injury Benefit Plan ("the Plan). The Arbitration Agreement was allegedly signed on February 4, 2020.

4.      The Plan contains additional Arbitration terms that are not present in the 2-page Arbitration Agreement including waiving the doctrine of equitable tolling and CPRC Section 16.073(b).[4]

---

[1] See Exhibit A
[2] See Exhibit B
[3] See Exhibit C
[4] See Exhibit C and D

5. The Court signed the Order granting the Motion to Abate and referring the matter to Arbitration on July 23, 2024.[5]

6. The Court's Initial Conference set for July 23, 2024, was cancelled, once again preventing discovery requests from being sent.[6]

7. For the first time, Defendants disclosed the Plan during Arbitration which included previously undisclosed terms such as waiving the doctrine of equitable tolling and CPRC Section 16.073(b).

8. Defendants filed a Traditional Motion for Summary Judgment on March 4, 2025.[7] Plaintiff filed her response on March 27, 2025.[8] Defendants withdrew Defendants' Traditional Motion for Summary Judgment before the hearing.

9. Defendants filed an Amended Traditional Motion for Summary Judgment on April 25, 2025, which included undisclosed exhibits.[9] Plaintiff filed her Response on June 4, 2025.[10]

10. A hearing on Defendants' Amended Traditional Motion for Summary Judgment was held on June 11, 2025.[11]

11. The Final Order was issued and signed by the Arbitrator on June 20, 2025.[12]

12. Plaintiff's move to lift the abatement and so that Plaintiff can proceed with appropriate motions and claims such as the attached Motion to Vacate Arbitration Award.

---

[5] See Exhibit E
[6] See Exhibit F
[7] See Exhibit G
[8] See Exhibit H
[9] See Exhibit I
[10] See Exhibit J
[11] See Exhibit K
[12] Id.

**B.     MOTION TO VACATE ARBITRATION AWARD EVIDENCE**

13.     Plaintiff relies on the following evidence in support of her Motion to Vacate Arbitration Award:

Exhibit A – Plaintiff's Original Petition

Exhibit B – Defendants' Notice of Removal to Federal Court

Exhibit C – Defendants' 2-page Arbitration Agreement

Exhibit D – Lowe's Occupational Injury Benefit Plan

Exhibit E – Order Granting Agreed Motion to Abate and Refer Matter to Arbitration

Exhibit F – Southern District of Texas Civil Docket for Case #: 4:24-cv-01670

Exhibit G – Defendants' Traditional Motion for Summary Judgment

Exhibit H – Plaintiff's Response to Defendants' Traditional Motion for Summary
        Judgment

Exhibit I – Defendants' Amended Traditional Motion for Summary Judgment

Exhibit J – Plaintiff's Response to Defendants' Amended Traditional Motion for
        Summary Judgment

Exhibit K – American Arbitration Association Final Order

Exhibit L – Email from Defense Counsel

Exhibit M – Affidavit of Mark Mason

Exhibit N – General Acknowledgment

Exhibit O – Certificate of Completion

Exhibit P – Claimant's First Set of Interrogatories and First Request for Production
        to Respondent

Exhibit Q – Agreed Motion to Abate and Refer Matter to Arbitration

## C. MOTION TO VACATE DUE TO FRAUD

14. The Court is empowered to order the vacating of an award where the award was procured by corruption, fraud, or undue means.[13] Enforcement of an arbitration award may be refused if the award was procured by fraud.[14] The 5th Circuit has recognized that fraud requires a showing of bad faith during the arbitration proceedings, such as…**withholding evidence** (emphasis added).[15] A party who alleges that an arbitration award was procured by fraud must demonstrate: (1) that the fraud occurred by clear and convincing evidence; (2) that the fraud was not discoverable by due diligence before or during the arbitration hearing; and (3) the fraud materially related to an issue in the arbitration.[16] The Court is presented with one question, whether the arbitration proceedings were fundamentally unfair.[17]

15. It is clear that fraud, or withholding of evidence, occurred by clear and convincing evidence. After Plaintiff filed Plaintiff's Original Petition in State Court, Defendants filed a notice of removal to Federal Court instead of producing the Plan and requesting Arbitration.[18] While in Federal Court, Defendants produced a 2-page Arbitration Agreement that did not contain several key provisions that Defendants intended to rely on such as waiver on the tolling of the statute of limitations.[19] Defendant represented to Plaintiff's Counsel and to this Court that the 2-page Arbitration Agreement is what the parties were bound by.[20] Plaintiff only agreed to Abate and

---

[13] 9 U.S. Code Section 10

[14] *Morgan Keegan & Co. v. Garrett*, 495 F. App'x 443, 446 (5th Cir. 2012)(citing to *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 306 (5th Cir. 2004))

[15] *Id.* (citing to *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 304 (S.D. Tex. 1997), aff'd and adopted by, 161 F.3d 314 (5th Cir. 1998)

[16] *Id.* (citing to *Barahona v. Dillard's, Inc.*, 376 F. App'x 395, 397 (5th Cir. 2010) (unpublished); see also *Karaha Bodas*, 364 F.3d at 306)

[17] *Forsythe Int'l, S.A. v. Gibbs Oil Co.*, 915 F.2d 1017, 1020 (5th Cir. 1990)(citing to *Teamsters, Local Union* 657 v. Stanley Structures, Inc., 735 F.2d 903, 906 (5th Cir.1984))

[18] See Exhibit A and B

[19] See Exhibit C

[20] See Exhibit Q

open Arbitration based on this 2-page Arbitration Agreement, the alleged signature and the understanding that this was the *only* Arbitration Agreement that existed. Defendants failed to mention any additional terms of Arbitration, the existence of the Plan which contained an additional Arbitration Agreement with additional restrictions and waivers.[21] Plaintiff was not given an opportunity to fully evaluate Defendants' Arbitration request or Motion to Arbitrate as Defendants fraudulently withheld evidence. Once both parties were in Arbitration, Defendant produced and relied on an entirely new Arbitration Agreement with additional terms, known as the Plan, without giving the Plaintiff or this Court the opportunity to review the legitimacy of the new agreement.[22] Defendants also withheld evidence that Plaintiff was hired and trained on February 16, 2020, which is 12 days after the 2-page Arbitration Agreement was allegedly signed.[23] Plaintiff could not have signed a 2-page Arbitration Agreement if she had not even been hired or trained, and certainly could not have signed an Arbitration Agreement if she had not even been presented the Arbitration policy or agreement until February 16, 2020.[24] The first time Defendants produced evidence of Plaintiff's participation in any type of training related to an Arbitration policy or Arbitration Agreement was when Defendants attached Mark Mason's Affidavit with Defendants' Amended Traditional Motion for Summary Judgment on April 25, 2025. Mark Mason swears under oath in an affidavit that Plaintiff had not participated in or completed a training related to the mandatory arbitration policy until February 16, 2020.[25] Defendants also relied on an alleged acknowledgment and certification that was not produced until Defendants filed their Amended Motion for Summary Judgment.[26]

---

[21] See Exhibit L
[22] See Exhibit G and I
[23] See Exhibit M
[24] Id.
[25] See Exhibit M: Paragraph 3
[26] See Exhibit N and O

16.     The fraud was not discoverable by due diligence before or during the arbitration hearing as Defendants failed to produce the Plan or the date of the Plaintiff's training before Arbitration, and failed to produce the general acknowledgment or certificate of completion despite receiving Plaintiff's Production Requests 7, 8, 15, 20, and 21 which directly called for the withheld evidence's production.[27] Additionally, Initial Disclosure requires the discloser of a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses.[28] Instead Defendants withheld critical evidence until it was only convenient for Defendants, and prejudiced Plaintiff by engaging in a hearing by ambush. Plaintiff could not force the production of the withheld evidence through due diligence as Defendants disregarded required Initial Disclosures and Plaintiff's Production Requests that specifically included the general acknowledgment, certificate of completion and the Plaintiff's training date.

17.     The fraud materially related to an issue in the arbitration. Defendants' Traditional Motion for Summary Judgment and Amended Traditional Motion for Summary Judgment were entirely based on a statute of limitations defense.[29] The entirety of Defendants' argument was based on the Plan and the argument that the Plan prevented the tolling of the statute of limitations when a claim is brought in State or Federal Court.[30] Based on Plaintiff's Response which argued that the Plan was never agreed to by Plaintiff due to Plaintiff never receiving, signing or acknowledging the Plan[31], Defendants withdrew Defendants' Traditional Motion for Summary Judgment. Defendants then filed their Amended Motion for Summary Judgment which included

---

[27] See Exhibit P
[28] Texas Rules of Civil Procedure 194.2 and Federal Rules of Civil Procedure 26
[29] See Exhibit G and I
[30] See Exhibit I
[31] See Exhibit H

the Affidavit of Mark Mason, a general Acknowledgment page and a Certificate of Completion, all being disclosed for the first time despite previous discovery requirements to disclose. The Arbitrator then used the fraudulent evidence to find that the Plan was applicable, that Plaintiff acknowledged the plan, the Plaintiff was issued a Certificate of Completion, and that Plaintiff was barred from bringing a claim due to the statute of limitations language within the Plan.

18.     Defendants' are essentially asking to set a precedent where companies like Defendants' can choose to not provide employees with the Plan which waives an employee's rights, fail to produce the Plan or any evidence that an employee agreed to the Plan, instead only produce a fraudulently signed Arbitration Agreement that does not include critical terms of the Arbitration, stall out an employee's claim in State Court and Federal Court until the statute of limitations passes, and then introduce and move to enforce a Plan which contains new arbitration terms in addition to withheld evidence to the detriment of the employee. This precedent strips employees, and Plaintiff in this case, of their due process rights and abuses the discovery process by taking advantage of the withheld evidence until it is time for a hearing by ambush. It encourages parties to bait and switch arbitration agreements using multiple arbitration agreements allegedly signed on different days that contain varying terms. This precedent would allow for a fundamentally unfair arbitration proceeding which the 5th Circuit warned about.[32]

### D.     CONCLUSION AND PRAYER

19.     Plaintiff asks this Court to lift the Abatement and vacate the arbitrators award. Plaintiff has shown that the arbitration award was procured by fraud through the 3-prong test required by *Karaha Bodas.*

---

[32] *Forsythe Int'l, S.A. v. Gibbs Oil Co.*, 915 F.2d 1017, 1020 (5th Cir. 1990)(citing to *Teamsters, Local Union* 657 v. Stanley Structures, Inc., 735 F.2d 903, 906 (5th Cir.1984))

Respectfully submitted,

By: */s/ Youssef Abdelhafiz*
Youssef Abdelhafiz
Southern District of Texas No. 3888869
ya@mandsattorneys.com
3100 Timmons Lane, Suite 455
Houston, Texas 77027
(713) 626-8900 Tel.
(713) 626-8910 Fax
ATTORNEY FOR
PLAINTIFF CHERYL BEALE

3100 Timmons Lane, Suite 455
Houston, Texas 77027
(713) 626-8900 Tel.
(713) 626-8910 Fax

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 17, 2025, I conferred with the following counsel-of-record in this matter regarding their position as to the merits of this motion and Defendant is opposed. I further certify that their positions are as follows:

Trek Doyle (OPPOSED)
State Bar No. 00790608
Federal ID No. 27163
**Doyle & Seelbach**
trek@doyleseelbach.com
13215 Bee Cave Parkway, Ste. A220
Austin, Texas 78738
512.960.4890 Telephone
doyleseelbach.com
***ATTORNEYS FOR DEFENDANTS***

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

The undersigned attorney represents to the Court that the foregoing document has been served upon all parties through all known counsel of record pursuant to the Federal Rules of Civil Procedure via e-mail/e-service on September 17, 2025.

**Via CM/ECF**
**Doyle & Seelbach**
Trek Doyle
State Bar No. 00790608
Federal ID No. 27163
trek@doyleseelbach.com
13215 Bee Cave Parkway, Ste. A220
Austin, Texas 78738
512.960.4890 Telephone
doyleseelbach.com
***ATTORNEYS FOR DEFENDANTS***

*/s/ Youssef Abdelhafiz*
Youssef Abdelhafiz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL BEALE, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. 4:24-cv-01670 |
| | § | |
| LOWE'S COMPANIES, INC. & LOWE'S. | § | |
| HOME CENTERS, LLC, | § | |
|     Defendants. | § | |

**<u>VERIFICATION</u>**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Before me, the undersigned authority, on this day personally appeared Youssef Abdelhafiz, attorney of record for Plaintiff CHERYL BEALE in the above-styled lawsuit, who, being first duly sworn, upon his oath, deposed and said:

> My name is Youssef Abdelhafiz, I am over eighteen years of age, have never been convicted of a felony, and am of sound mind to make this affidavit. I am the attorney for the Plaintiff in the above styled lawsuit and based on my preparation or review of the pleadings, discovery, and other materials in this matter, as well as my review of the exhibits to Plaintiff's Motion to Lift Abatement and Vacate Arbitration Award. I have personal knowledge of the facts stated in this affidavit, which, based on the above involvement by the undersigned in this matter I know to be true and correct.

> Attached hereto, and incorporated into, Plaintiff's Motion to Lift Abatement and Vacate Arbitration Award the attached Exhibits A-Q are true and correct copies of the original or an exact duplicate of the attached and/or its authenticity is acknowledged under Rule 901 of the Federal Rules of Evidence.

I declare verify under penalty of perjury that the foregoing is true and correct. Executed on _September 16th_ of 2025.

_(signature)_

Youssef Abdelhafiz

Subscribed and sworn to before me by the undersigned on September 16, 2025 to certify which witness my hand and seal of office.



Notary Public, State of Texas