**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHERYL BEALE, | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil Action No.  4:24-CV-01670 |
| | § | |
| LOWE'S COMPANIES, INC. & LOWE'S | § | |
| HOME CENTERS, LLC, | § | |
| *Defendants.* | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO LIFT
ABATEMENT AND VACATE ARBITRATION AWARD**

TO THE HONORABLE JUDGE:

COMES NOW, Lowe's Companies, Inc., and Lowe's Home Centers, LLC (collectively, "Defendants"), and file this, their Response to Plaintiff's Motion to Lift Abatement and Vacate Arbitration Award, and would respectfully show the Court as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

**A.  Plaintiff Fails to Satisfy the FAA's Standard**

1.      Plaintiff's Motion to Lift Abatement and Vacate the Arbitration Award is an attempt to relitigate issues already fully briefed, argued, and resolved in arbitration. The motion fails under the "extraordinarily narrow and exceedingly deferential" standard governing review of arbitration awards.[1] Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), vacatur is permitted only in four limited

---

[1] *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 543–44 (5th Cir. 2016).

circumstances—none of which are present here. Disagreement with the arbitrator's conclusions or alleged factual error is not a basis for vacatur.[2]

## B. Plaintiff Procedural Defaults and Waiver Preclude Relief

2.      Importantly, Plaintiff jointly moved with Defendants to abate this case and compel arbitration.[3] The Court granted that Agreed Motion and expressly ordered Plaintiff to file her arbitration demand by August 22, 2024—thirty days from the Court's order.[4] *Notably, Plaintiff's Motion omits any reference to her own untimely arbitration demand, which was not filed until August 30, 2024—eight days after the Court's deadline.*[5] The arbitrator's dismissal on limitations grounds flowed directly from Plaintiff's own noncompliance with both the Court's order and the contractual filing deadline under the Plan—not from any alleged misconduct or "withholding" by Defendants.[6]

## C. No Fraud Exists Under § 10(a)(1)

3.      Plaintiff's sole theory—that the Lowe's Occupational Injury Benefit Plan ("the Plan") was "withheld"—is flatly contradicted by the record. The Plan was produced with Defendants' December 6, 2024, disclosures, made available at the store, and expressly acknowledged by Plaintiff via electronic signature and training completion.[7] Plaintiff also accepted $4,360.64 in benefits under the Plan.[8] The

---

[2] *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009).
[3] *See* Ex. A, Agreed Motion to Abate and Refer Matter to Arb.
[4] *See* Ex. B, Order Granting Agreed Motion to Abate and Refer Matter to Arb.
[5] *See* Ex. C, Pltf's Demand for Arb.
[6] *See* generally Ex. D, Arbitrator's Final Order
[7] *See* generally, Ex. E-H.
[8] *See* Ex. I, Plan Benefit Itemization.

arbitrator expressly found that Plaintiff had notice of the Plan and was bound by its terms.[9] These findings foreclose any claim of "fraud" under § 10(a)(1).

4.     Even if Plaintiff's allegations were accepted at face value, she cannot satisfy the *Karaha Bodas* test: (1) there is no clear and convincing evidence of fraud; (2) the Plan and related materials were discoverable with minimal diligence before or during arbitration; and (3) the alleged "withholding" is immaterial given the arbitrator's explicit factual findings and legal analysis. The award reflects a reasoned application of the Plan's contractual limitations and tolling provisions—precisely the type of interpretation the FAA protects.

5.     The FAA protects finality, not tactical delay or second bites at the apple. The motion should be denied, and the arbitration award confirmed.

**STATEMENT OF ISSUES**

6.     Whether Plaintiff has met her heavy burden under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), to vacate a final arbitration award. Judicial review of arbitration awards is "extraordinarily narrow and exceedingly deferential."[10] Courts may vacate only upon proof of (1) corruption, fraud, or undue means; (2) evident partiality; (3) arbitrator misconduct; or (4) arbitrator overreach.[11] Legal or factual error is not a basis for vacatur.[12]

7.     Whether Plaintiff can establish fraud under § 10(a)(1) when the record shows the Plan was produced, acknowledged, and relied upon without objection. To

---

[9]  *See* Ex. D § D. 2 at 3.
[10] *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 543–44 (5th Cir. 2016).
[11] 9 U.S.C. § 10(a); *see also Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009).
[12] *Id.*

vacate for fraud, Plaintiff must show by clear and convincing evidence that (a) fraud occurred, (b) it was not discoverable with due diligence before or during arbitration, and (c) it was material to an issue decided.[13]

## ARGUMENT

### D. Plaintiff fails to satisfy FAA's standard of review to vacate an arbitration award.

8. Judicial review of arbitration awards is "extraordinarily narrow and exceedingly deferential."[14] Section 10(a) of the FAA provides only four exclusive grounds for vacatur: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct that prejudiced a party's rights; or (4) the arbitrator exceeded her powers.[15] Importantly, the Fifth Circuit has squarely held that legal or factual error is not a basis for vacatur.[16]

9. Here, Plaintiff identifies none of these limited circumstances. The arbitrator conducted a full and fair process—considering briefing, hearing arguments, and issuing a detailed, reasoned written award. The arbitrator's holding was unquestionably correct and consistent with both governing law and the rulings of other arbitrators addressing the same issue.[17] The arbitrator's decision rested on undisputed facts: Plaintiff's arbitration demand was untimely under both the

---

[13] *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 306–07 (5th Cir. 2004).

[14] *Cooper,* 832 F.3d at 543–44.

[15] 9 U.S.C. § 10(a).

[16] *Citigroup Glob. Mkts., Inc.,* 562 F.3d at 358.

[17] *See* Ex. J, Representative Arbitration Awards (redacted for confidentiality) (each award enforcing the Plan's filing limitations and rejecting similar tolling arguments).

contractual limitations period set forth in the Plan and the deadline expressly imposed by this Court's Agreed Order Granting Motion to Abate.[18] Plaintiff does not claim arbitrator bias, misconduct, or excess of authority. Instead, her motion merely disagrees with the arbitrator's conclusion and attempts to re-litigate issues already decided. Such dissatisfaction with the outcome does not meet the FAA's high bar for vacatur. Because none of the four § 10(a) grounds apply, the award must be confirmed under 9 U.S.C. § 9. The FAA's purpose is to promote finality and efficiency; courts may not second-guess an arbitrator's reasoned decision absent one of the narrow statutory grounds.[19]

### E. Plaintiff's Procedural Defaults and Waiver Preclude Relief

10.     Even if the FAA permitted broader review (it does not), Plaintiff's own procedural defaults and litigation conduct bar her from obtaining any relief. To begin with, <u>Plaintiff voluntarily joined Defendants' Agreed Motion to Abate and Compel Arbitration</u>, and this Court entered an Agreed Order expressly requiring Plaintiff to file her arbitration demand by August 22, 2024.[20] Despite this clear directive, Plaintiff failed to comply. The record reflects that Plaintiff did not file her arbitration demand until August 30, 2024—eight days late.[21] In addition to violating the Court's order, the late filing also breached the Plan's contractual two-year limitations period, which required filing by April 6, 2024, exactly two years after the alleged injury.[22]

---

[18] *See generally* Ex. D.
[19] *Cooper*, 832 F.3d at 543–44.
[20] *See* Ex. A-B.
[21] *See* Ex. C.
[22] *See* Ex. E at 66.

11.     The arbitrator properly enforced these deadlines, concluding that Plaintiff's claims were barred both contractually and procedurally.[23] That ruling was well within the arbitrator's authority to interpret and apply the Plan. Plaintiff's attempt to shift responsibility for her untimeliness onto Defendants is unavailing. Her failure to meet two separate filing deadlines was entirely self-inflicted.

12.     Moreover, Plaintiff actively participated in the arbitration process—filing a demand for arbitration, selecting an arbitrator, briefing summary judgment issues, and attending the hearing— and never contending the Plan had been withheld until after potential for an adverse ruling. Plaintiff's deliberate participation without objection, coupled with her untimely arbitration demand, forecloses any claim that the proceedings were fundamentally unfair. The FAA's strong presumption of finality cannot be overcome by a party's own neglect or strategic delay.

## F.  No Fraud Exists Under § 10(a)(1)

13.     Plaintiff's sole vacatur theory—that the arbitration award was procured by fraud because Defendants allegedly "withheld" the Lowe's Occupational Injury Benefit Plan ("Plan")—fails on all three prongs of the *Karaha Bodas* test. To vacate an award for fraud, a party must show by clear and convincing evidence that (1) fraud occurred, (2) the fraud was not discoverable through due diligence before or during arbitration, and (3) the fraud was material to an issue decided.[24] Plaintiff cannot satisfy any of these elements.

---

[23] *See* Ex. D at Sec. D.5-6 at 4.
[24] *Karaha Bodas Co.,* 364 F.3d at 306–07.

14.     First, the record conclusively refutes any claim of "withholding." The Plan was produced with Defendants' December 6, 2024, disclosures—months before the arbitration MSJ hearing.[25] It was also readily available to Plaintiff at her store during her employment, and she electronically acknowledged receipt of the Plan, completed training regarding its arbitration provisions, and accepted $4,360.64 in benefits under the Plan.[26] The arbitrator expressly found that Plaintiff had notice of and was bound by the Plan.[27] Those findings eliminate any allegation of deception or concealment. Plaintiff's disagreement with the arbitrator's conclusions does not transform a resolved factual issue into "fraud."[28]

15.     Second, even if Plaintiff could establish misrepresentation (she cannot), the Plan and supporting documents were discoverable with minimal diligence. Plaintiff had access to Defendants' disclosures months before the hearing and could have raised objections or sought additional discovery from the arbitrator. Her failure to do so precludes a finding of undiscoverability.

16.     Third, the alleged "withholding" is not <u>material</u> to the arbitrator's decision. The arbitrator's award rested squarely on <u>untimeliness</u>—Plaintiff's arbitration demand was filed more than 140 days after the Plan's two-year deadline and eight days after this Court's order. Those procedural defaults independently barred her claims. Even if the Plan had not been produced, Plaintiff's late filing alone was dispositive. Accordingly, any alleged omission was immaterial to the outcome. To

---

[25] *See* Ex. H.
[26] See Ex. F-I.
[27] See Ex. D Sec. D.2 at 3.
[28] See *Citigroup*, 562 F.3d at 358 (stating factual or legal errors do not constitute grounds for vacatur).

justify vacatur under § 10(a)(1), the alleged fraud must have procured the award—that is, there must be a nexus between the alleged fraud and the arbitrator's decision.[29] Where, as here, the arbitrator's decision rested on independent grounds—Plaintiff's own untimely filing under both the Plan and this Court's order—the statutory basis for vacatur is absent.[30]

17.     Plaintiff claims "fraud" because she allegedly did not know of a limitations clause. Even if so, that ignorance offers no excuse for missing the Court's clear deadline. She cannot show how knowledge of the provision would have changed anything; compliance was required either way. Her confusion is legally irrelevant.

18.     Additionally, Plaintiff identifies no different action she would have taken had she known of the limitations clause. The only supposed "harm" is her claim that she might have timely filed, but she also missed the Court's express deadline, which was entirely independent of the Plan. Thus, she cannot show that the outcome would have been any different. The record forecloses any finding of prejudice, and without prejudice, vacatur is unavailable.

19.     Finally, Plaintiff's position is internally inconsistent. She does not dispute that a valid arbitration agreement exists or that the case was properly referred to arbitration. Her motion thus asks this Court to vacate an award issued under a binding agreement that both parties invoked, and then to proceed as if no

---

[29] *See Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1022 (5th Cir. 1990) (repealed on other grounds by *McIlroy v. PaineWebber, Inc.*, 989 F.2d 817 (5th Cir. 1993) but remains highly cited in other circuits and in district courts).

[30] *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 (1987) (vacatur appropriate only where alleged misconduct **affected the outcome**).

arbitration occurred. Even accepting her allegations, they concern a <u>single contractual provision</u>, not the existence of the arbitration agreement itself. The FAA does not permit vacatur simply because one term was allegedly misunderstood, particularly where the parties <u>voluntarily arbitrated</u> and the outcome rested on procedural default, not disputed contract interpretation.

20.    For all these reasons, Plaintiff's § 10(a)(1) argument fails. The record shows no fraud, no undiscoverable evidence, and no material prejudice. The arbitration award was properly issued and must be confirmed.

**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court deny Plaintiff's Motion to Lift Abatement and Vacate Arbitration Award, lift the abatement solely for the limited purpose of entering judgment that confirms the Final Arbitration Award issued on June 20, 2025, and grant Defendants such other and further relief to which they may be justly entitled.

Respectfully submitted,

By: \_\_\_**/s/ Trek Doyle**
Trek Doyle
State Bar No. 00790608
Federal ID No. 27163
Crystal Andrade
State Bar No. 24125480
Federal ID No. 3907467
crystal@doyleseelbach.com

Doyle & Seelbach PLLC
13215 Bee Cave Pkwy, Ste A220
Austin, Texas 78738
512.960.4890 phone
doyleseelbach.com

*ATTORNEYS FOR DEFENDANTS*



# CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic delivery to counsel identified below on this, the 8th day of October 2025.

Jonathan Zumwalt
State Bar No. 24053570
jbz@mandsattorneys.com
David K. Mestemaker
State Bar No. 13974600
dkm@mandsattorneys.com
Norman Straub
State Bar No. 00793002
nstraub@mandsattorneys.com
Youseff M. Abdelhafiz
State Bar No. 24124056
ya@mandsattorneys.com

MESTEMAKER, STRAUB & ZUMWALT
3100 Timmons Lane, Suite 455
Houston, Texas 77027
713.626.8900
contact@mandsattorneys.com

*ATTORNEYS FOR PLAINTIFF*