IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL BEALE, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. 4:24-cv-01670 |
| | § | |
| LOWE'S COMPANIES, INC. & LOWE'S. | § | |
| HOME CENTERS, LLC, | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO LIFT ABATEMENT AND VACATE ARBITRATION AWARD**

Plaintiff files this reply to Defendant's Response to Plaintiff's Opposed Motion to Lift Abatement and Vacate Arbitration award.

### A.      ARGUMENT

1.      Defendant claim's that Plaintiff's sole vacatur theory is that the arbitration award was procured by fraud because Defendants allegedly "withheld" the Lowe's Occupational Injury Benefit Plan ("Plan"). This is untrue. Defendant has failed to address the fact that Defendant produced a fraudulently signed 2-page Arbitration Agreement that was signed 12 days before Plaintiff was even hired or given the arbitration policy.[1] Defendant has failed to provide any evidence or even address how Plaintiff could have signed a document that she never received until 12 days later based on Defendant's Store Managers sworn affidavit. Defendant has failed to explain why Defendant failed to produce the dated Certificate of Completion or any of the information within Defendant's Store Managers Affidavit during discovery when directly requested to.

---

[1] See Plaintiff's Opposed Motion to Lift Abatement and Vacate Arbitration Award: Paragraph 15 (Defendants also withheld evidence that Plaintiff was hired and trained on February 16, 2020, which is 12 days after the 2-page Arbitration Agreement was allegedly signed. Plaintiff could not have signed a 2-page Arbitration Agreement if she had not even been hired or trained, and certainly could not have signed an Arbitration Agreement if she had not even been presented the Arbitration policy or agreement until February 16, 2020.)

2.      Defendant claims that Plaintiff does not dispute that a valid arbitration agreement exists or that the case was properly referred to arbitration. This is untrue. Defendant claims that because Plaintiff joined Defendants' Agreed Motion to Abate and Compel Arbitration, that Plaintiff is barred from any relief. However, Defendant produced a fraudulently signed 2-page Arbitration Agreement in order to induce an agreement. An agreement procured on the basis of fraud does not remove the fraud. A fraudulently signed-2 page Arbitration Agreement is not a valid arbitration agreement.

### B.      CONCLUSION AND PRAYER

Plaintiff asks this Court to lift the Abatement and vacate the arbitrators award. Plaintiff has shown that the arbitration award was procured by fraud through the 3-prong test required by *Karaha Bodas*.

Respectfully submitted,

By: */s/ Youssef Abdelhafiz*
Youssef Abdelhafiz
Southern District of Texas No. 3888869
ya@mandsattorneys.com
3100 Timmons Lane, Suite 455
Houston, Texas 77027
(713) 626-8900 Tel.
(713) 626-8910 Fax
ATTORNEY FOR
PLAINTIFF CHERYL BEALE

3100 Timmons Lane, Suite 455
Houston, Texas 77027
(713) 626-8900 Tel.
(713) 626-8910 Fax

## CERTIFICATE OF SERVICE

The undersigned attorney represents to the Court that the foregoing document has been served upon all parties through all known counsel of record pursuant to the Federal Rules of Civil Procedure via e-mail/e-service on October 16, 2025.

**Via CM/ECF**
**Doyle & Seelbach**
Trek Doyle
State Bar No. 00790608
Federal ID No. 27163
trek@doyleseelbach.com
13215 Bee Cave Parkway, Ste. A220
Austin, Texas 78738
512.960.4890 Telephone
doyleseelbach.com
***ATTORNEYS FOR DEFENDANTS***

*/s/ Youssef Abdelhafiz*
Youssef Abdelhafiz