United States District Court
Southern District of Texas
**ENTERED**
October 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL BEALE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-01670 |
| | § | |
| LOWE'S COMPANIES, INC. & LOWE'S HOME CENTERS, LLC, | § | |
| | § | |
| | § | |
| *Defendants*. | | |

**ORDER**

Plaintiff has filed a Motion for Reconsideration and, in the alternative, a Motion to Lift Abatement. (Doc. No. 14). Plaintiff previously filed a Motion to Lift Abatement and Vacate Arbitration Award. (Doc. No. 8). The Court denied that motion in its entirety and confirmed the Final Arbitration Award issued on June 20, 2025. (Doc. No. 13). Defendants have responded in opposition. (Doc. No. 16).

In her motion, Plaintiff reasserts all of the arguments that this Court denied in her prior motion. She additionally asserts that Defendants are barred from enforcing the Final Arbitration Award because they failed to seek confirmation within one year as required under 9 U.S.C. § 9. Under Fed. R. Civ. P. 54(b), a trial court is free to reconsider its decision for any reason it deems sufficient, even without new evidence or change in substantive law. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990). The Court declines to do so here.

Plaintiff's assertion that 9 U.S.C. § 9 creates a statute of limitations beyond which a final arbitration award is unenforceable is a question about which the circuit courts disagree.[1] The Fifth Circuit has not clarified its stance on the issue. Even if, however, the Court agreed with Plaintiff that Defendants could not enforce the Final Arbitration Award against her, the FAA explicitly lists limited grounds upon which a district court may vacate, modify, or correct an arbitration award. 9 U.S.C. §§ 10-11. Section 9 does not, by its text, empower this Court to vacate, modify, or correct an arbitration award because a Defendant fails to enforce the award within the one-year time limit. 9 U.S.C. § 9. This Court previously denied Plaintiff's arguments under sections 10 and 11, and Plaintiff has provided no reason why that denial should be reconsidered now.

The Court denies Plaintiff's Motion. (Doc. No. 14).

SIGNED at this 21st day of October 2026.

Andrew S. Hanen
United States District Judge

[1] *Compare Photopaint Technologies, LLC v. Smartlens Corp.*, 335 F.3d 152, 156-57 (2d Cir. 2003) (holding that § 9 does impose a statute of limitations), *with Sverdrup Corp. v. WHC Constructors, Inc.*, 989 F.2d 148, 156 (4th Cir. 1993) (holding, in part by comparison to Fifth Circuit analysis regarding 9 U.S.C. §§ 11-12, that § 9 does not bar claims beyond a one-year time limit) (citing *Derwin v. Gen. Dynamics Corp.*, 719 F.2d 484, 490-91 (5th Cir. 1983)).